In re Bruce Wayne BUTLER and Linda Naomia Butler, Debtors.

General Motors Acceptance Corporation, Plaintiff,

v.

Bruce Wayne Butler and Linda Naomi Butler, Defendants.

Bankruptcy No. 99–04623–B.
Adversary No. 00–80170–B.

United States Bankruptcy Court, D. South Carolina.

March 1, 2001.

---

Jason T. Moss, Columbia, SC, for debtors.

Dalton H. Watkins, Columbia, SC, for creditor.

## JUDGMENT ON ORDER ENTERED MARCH 1, 2001.

WM. THURMOND BISHOP, Chief Judge.

This Court finds that the debtors' confirmed Chapter 13 plan is *res judicata* as to GMAC. Therefore, this Court rules that it is unnecessary to address the issue of lease versus sale or any other issues raised by GMAC in its complaint. The debtors' request in their counterclaim for attorney's fees was not pursued during trial and, therefore, is denied.

## ORDER

Before the Court is the adversary proceeding of the Plaintiff, General Motors Acceptance Corporation (GMAC), seeking relief from the treatment of its claim as a secured creditor in the debtors' confirmed Chapter 13 plan and declaring GMAC the owner/lessor of the vehicle at issue. The debtors filed an answer and counterclaim in which they seek attorney's fees.

## FINDINGS OF FACT

1. On May 28, 1999, the debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. In the debtors' Chapter 13 plan, GMAC was listed on the notice page as a creditor whose claim was to be valued as a secured creditor.

3. The debtors' plan treated GMAC as a purchase money security interest holder and valued its claim at $17,750 pursuant to N.A.D.A. retail value.[1]

4. GMAC was served timely with the debtors' Chapter 13 plan, but did not object to its treatment in the plan as required by SC LBR 9014–1.

5. The debtors' plan was confirmed by Order of the Bankruptcy Court entered August 5, 1999.

6. The debtors have made all of the required payments under their confirmed plan.

7. On September 8, 2000, more than one year after confirmation of the debtors' plan, GMAC filed this adversary proceeding alleging that the debtors' confirmed Chapter 13 plan improperly treated its claim as secured.

8. The parties stipulate that the debtors entered into a GMAC SmartLease Agreement on March 19, 1998, whereby they leased the vehicle from Love Chevrolet Company[2] and that pursuant to recent case law in the bankruptcy court, issued after confirmation of the debtors' plan, that lease is in fact a true lease.

## ISSUE

Whether GMAC is entitled to maintain an adversary action, challenging the treatment of a claim in a confirmed Chapter 13 plan, when it did not timely object to confirmation.

---

1. The vehicle at issue is a 1998 Chevrolet truck, VIN 1GCEK19R3WR138482.

2. The lease was assigned to GMAC, and prior to filing their petition herein, debtors were making the payments to GMAC.

## CONCLUSIONS OF LAW

Pursuant to facts almost identical to the facts of this case, the Bankruptcy Court in *In re Charles C. Eron and Lila A. Eron,* No. 97–09639, (Bankr.D.S.C. Dec. 10, 1999), ruled that General Electric Capital Auto Lease was bound by the debtors' plan which treated its lease as a sale by failing to object to its treatment under the plan and by waiting more than eighteen months before raising the issue of lease rather than a sale, during which time it accepted payments pursuant to the confirmed plan.

This decision was appealed to and affirmed by the District Court in *General Electric Capital Auto Lease v. Charles C. Eron and Lila A. Eron (In re Eron),* C/A No. 3:00–774–19 (D.S.C. Sept. 11, 2000).

Although these two cases came before the Court differently, one through a § 362 motion and the other through a declaratory judgment action, they are substantively the same and this procedural difference is inconsequential. This Court feels compelled at this time to follow the decision of the District Court which affirmed the Bankruptcy Court on this issue. Accordingly, this Court finds that the debtors' confirmed Chapter 13 plan is *res judicata* as to GMAC. Therefore, this Court rules that it is unnecessary to address the issue of lease versus sale or any other issues raised by GMAC in its complaint. The debtors' request in their counterclaim for attorney's fees was not pursued during trial and, therefore, is denied.

**IT IS SO ORDERED.**